UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES EVER HOLLEY,
    *Plaintiff*,

v.      No. 3:17-cv-01602 (JAM)

CITY OF MIDDLETOWN, *et al.*,
    *Defendants*.

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff James Ever Holley is an inmate at Corrigan-Radgowski Correctional Center. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against eleven defendants: the City of Middletown, the Middletown Police Department, and nine members of the Middletown Police Department. After an initial review, the Court concludes that the complaint must be dismissed.

### BACKGROUND

The following facts are accepted as true solely for purposes of this initial review. On December 11, 2012, plaintiff was detained in Middletown, Connecticut, by three of the defendants. The basis for the detention was "racial profiling"; specifically, defendants detained plaintiff because he is a black male who was driving a new Lincoln sports utility vehicle. After restraining plaintiff, one defendant slammed plaintiff to the ground and another handcuffed him. Plaintiff, bruised and in pain, requested medical attention, which was denied. Two defendants and a parole officer, who is not named as a defendant, then performed a rough physical search inside plaintiff's pants causing plaintiff pain. Although handcuffed and restrained, plaintiff perceived that he "was not placed under arrest." Doc. #1 at 5.

Plaintiff was then driven without his consent to his residence. Plaintiff's keys were taken from him and used to access his residence without his consent and without a search warrant. Using plaintiff's keys, defendants and the parole officer accessed a safe inside plaintiff's residence wherein defendants discovered what they claimed was an illegal substance. Plaintiff was placed under arrest at that time. Plaintiff contests that the officers indeed found an illegal substance in his residence.

On the same day, plaintiff filed a civilian complaint against the police officers for their actions in detaining plaintiff and searching his residence. One defendant investigated plaintiff's claims and cleared the officers of any wrongdoing. Two defendants higher up the chain of command reviewed the findings of the investigation, but the investigation remained closed. Plaintiff alleges that his complaint was not fully investigated and this failure was because of his race as well as collusion within the department to protect the officers from the consequences of wrongdoing.

Plaintiff was charged with possession of a controlled substance with the intent to sell in violation of Conn. Gen. Stat. § 21a-278(b). *State v. Holley*, 174 Conn. App. 488, 491, *cert. denied*, 327 Conn. 907 (2017).[1] He was tried in Connecticut Superior Court, convicted by a jury, and sentenced to a term of imprisonment. *Ibid.* Plaintiff filed the complaint in this case on September 22, 2017.

---

[1] The Court may take judicial notice of the state court litigation arising out of the events alleged in the complaint. *See United States v. Alexander*, 123 F. App'x 444, 445 (2d Cir. 2005) ("Pursuant to Federal Rule of Evidence 201, we may take judicial notice of this [conviction] as it is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (citing Fed. R. Evid. 201(b)(2)); *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993).

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "*pro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Plaintiff alleges constitutional claims of excessive force, cruel and unusual punishment, false arrest, unlawful search and seizure, and deprivation of medical care stemming from the events surrounding his detention, the search of his person, and the search of his home.[2] Plaintiff's claims arising from these events are subject to the three-year statute of limitations for constitutional claims under § 1983. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994); *Gonzalez v. Maurer*, 2017 WL 4531685, at *3 (D. Conn. 2017). The actions alleged in the complaint giving rise to these claims occurred on December 11, 2012; therefore, the limitations period for plaintiff's claims lapsed on December 11, 2015. Plaintiff filed this lawsuit more than a

---

[2] The Court construes plaintiff's "sexual harassment" claim to be a claim for unreasonable search in violation of the Fourth Amendment.

3

year and a half after the expiration of the limitations period. Accordingly, these claims are dismissed.³

Next, with respect to any claims stemming from the allegedly inadequate or biased departmental investigation of plaintiff's civilian complaint, it is not entirely clear from the face of the complaint in this case that any constitutional claims stemming from the investigation into plaintiff's civilian complaint are barred by the statute of limitations given the absence of any indication when the investigation concluded. In view that plaintiff lodged his civilian complaint on December 11, 2012, it is most likely that his claim is time-barred.

Plaintiff's factual allegations, however, are nevertheless insufficient to state any constitutional claims. First, individuals do not have a constitutionally protected right to an investigation by government officials for alleged wrongdoing by other government officials. *See Martinez v. Cty. of Suffolk*, 999 F. Supp. 2d 424, 430 (E.D.N.Y. 2014); *Hayes v. Cty. of Sullivan*, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012) (collecting cases). Second, to the extent plaintiff claims that defendants conducted an inadequate or biased investigation because of his race—*i.e.*, engaged in selective enforcement—in violation of the Equal Protection Clause of the Fourteenth Amendment, plaintiff's claim fails because he alleges no facts that plausibly give rise to an inference that the investigation was tainted by discriminatory animus. *See Butler v. City of Batavia*, 323 F. App'x 21, 22 (2d Cir. 2009); *Brisbane v. Milano*, 2010 WL 3000975, at *4 (D. Conn. 2010) (dismissing an Equal Protection claim because allegations that police did not investigate plaintiffs' robbery complaint because of race were conclusory and unsupported by

---

³ To the extent plaintiff's complaint could be construed to allege a malicious prosecution claim under § 1983, the claim fails because plaintiff has not alleged that his criminal prosecution has terminated in his favor. *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (discussing elements of malicious prosecution under Connecticut law). For a malicious prosecution claim, the statute of limitations begins to run when the criminal prosecution terminates in the plaintiff's favor. *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017). Therefore, plaintiff's claims are dismissed without prejudice to plaintiff bringing a timely malicious prosecution claim should plaintiff's prosecution terminate in his favor.

any facts). Accordingly, plaintiff's claims arising from the departmental investigation into his complaint are dismissed.

In the absence of any actionable constitutional violation against any individual, plaintiff's claims against the City of Middletown and the Middletown Police Department are also dismissed. *See Claudio v. Sawyer*, 675 F. Supp. 2d 403, 408 (S.D.N.Y. 2009) ("Under Second Circuit case law . . . a prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor."), *aff'd*, 409 F. App'x 464 (2d Cir. 2011).

## CONCLUSION

The complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). Because the case is dismissed, plaintiff's motion to proceed *in forma pauperis* (Doc. #2) is DENIED as moot. Only if plaintiff has a claim that arises within the three-year statute of limitations may he file a motion to reopen the case along with an amended complaint. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven, Connecticut, this 14th day of December 2017.

                                                        /s/ *Jeffrey Alker Meyer*
                                                        Jeffrey Alker Meyer
                                                        United States District Judge